ZAINEY, J.
AUGUST 11, 2005

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FITZGERALD JOHNSON                                                  CIVIL ACTION

VERSUS                                                              NO. 04-1851

CITY OF SLIDELL, ET AL.                                             SECTION "A" (5)

**ORDER AND REASONS**

Before this Court is a **Motion to Dismiss (Rec. Doc. 9)** filed by Defendants, City of Slidell, Matt Fisher, John Doe, and Slidell City Court. Fitzgerald Johnson, *pro se* Plaintiff, opposes the motion to dismiss. For the reasons set forth below, Defendants' Motion to Dismiss is DENIED without prejudice.

PROCEDURAL BACKGROUND

Plaintiff, Fitzgerald Johnson mailed this lawsuit to the Court for filing and it was received on November 13, 2003.[1] Plaintiff failed, however, to provide the necessary filing fee or an application to proceed in *forma pauperis*. Accordingly, the Court mailed Mr. Johnson a

---

[1] The Court notes that the "tendered for filing" date is stamped on the back of the first page of the complaint, so it is difficult for counsel to determine this date.

1

*forma pauperis* application the following day, and it was returned to the Court on June 30, 2004. On that same date, the Magistrate Judge granted Plaintiff's application to proceed in *forma pauperis*. On September 27, 2004, this Court ordered a Call Docket and instructed Plaintiff to serve his summons and complaint on Defendants by October 28, 2004, or on November 10, 2004, show cause as to why Defendants should not be dismissed for Plaintiff's failure to serve the defendants within 120 days. On November 1, 2004 Plaintiff filed a Motion to Serve to the Court, which went unsigned. On November 4, 2004 this Court ordered another Call Docket and extended Plaintiff's time for service to December 31, 2004 pursuant to Federal Rule of Civil Procedure 4(m), or on January 10, 2005 show cause as to why Defendants should not be dismissed. On December 28, 2004, Defendants were served by the United States Marshal. Defendants filed the present motion to dismiss shortly thereafter.

## II.  FACTUAL BACKGROUND

On November 14, 2002, Plaintiff, Fitzgerald Johnson, arrived at the Slidell City Court to pay $100 dollars on a previous DWI charge. Complaint, p. 1. The court accepted the payment and ordered Plaintiff to serve six months in City Jail. *Id*. While in jail, on November 16, 2002, Plaintiff "exchanged words" with Defendant, Matt Fisher, an off duty correctional officer at the Slidell City Jail. The exchange allegedly resulted in Plaintiff's removal to the "drunk tank" for punishment. *Id*. During the removal, Plaintiff alleges that Defendant kicked Plaintiff between the lower back and buttocks and was denied the right to see a doctor. *Id*. Plaintiff also alleges that he remained in the "drunk tank" for two days "without proper clothing being provided for the weather in light of it being extremely cold, resulting in sickness..." and that he was denied

the right to see a doctor. *Id*. at 1-2. On January 26, 2003, Plaintiff alleges that due to a foreign object being in his food, Plaintiff broke the cap on his tooth and that he received no medical attention, despite complaints to the jail. *Id*. at 2. Plaintiff also alleges that at an unknown date and time, he asked an unknown correctional officer for a cup of water, which Plaintiff claims was actually a cup of peroxide when it was provided to him. As a result of ingesting the peroxide, Plaintiff was sent to Slidell Memorial Hospital, by way of ambulance, for medical treatment. *Id*.

### III.  DISCUSSION

Plaintiff asserts numerous claims against the City of Slidell, the Slidell City Court, Matt Fisher, and John Doe-Jailer, an unknown correctional officer. Plaintiff asserts a state law tort claim against the Slidell City Court for false imprisonment and conversion. Plaintiff also asserts a battery claim against Matt Fisher, and constitutional violations of cruel and unusual punishment, excessive use of force, and denial of medical attention against the City of Slidell through the doctrine of *respondeat superior*. Plaintiff likewise asserts a battery claim against John Doe-Jailer and constitutional violations against the City of Slidell through the doctrine of *respondeat superior*.[2]

#### A.  Standard of Review

A motion to dismiss under Federal Rules of Civil Procedure 12(b)(6) "is viewed with disfavor and is rarely granted." *Gregson v. Zurich American Insurance Company*, 322 F.3d 833 (5th Cir. 2003) *(quoting Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045

---

[2] In his Opposition to Defendant's Motion to Dismiss, Plaintiff claims that his constitutional rights under *Bonds v. Smith* were also violated. This allegation is not properly before the court because it is not part of the complaint.

(5th Cir. 1982)).  A Rule 12(b)(6) motion to dismiss effectively admits the properly pleaded factual allegations of the complaint, but denies that such allegations are legally sufficient to state a claim upon which the court may grant relief.  Accordingly, a motion to dismiss will not be granted unless it is clear that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  *Conley v. Gibson,* 355 U.S. 41, 45-6 (1957).  The Court accepts as true the well-pleaded factual allegations in the complaint and construes the complaint in the light most favorable to the plaintiff.  *ABC Arbitage Plaintiffs Group v. Tchuruk*, 291 F.3d 336, 357-58 & n. 104 (5th Cir. 2002).  In considering a motion to dismiss, the court must accept as true both the allegations of the complaint and "any reasonable inferences that may be drawn therefrom."  *Tuchman v. DSC Communications Corp.*, 14 F.3d 1061 (5th Cir. 1994).

However, the court does not have to accept as true "conclusory allegations or unwarranted deductions of fact" maintained in the complaint.  *Id.* at 1067.  Nonetheless, it has been well established that the standards in pleading for *pro se* litigants are relaxed and are less stringent than the requirements of pleadings drafted by lawyers.  *Palma v. New Orleans City*, 115 Fed. Appx. 191, 194 (5th Cir. 2004) (*citing Miller v. Stanmore*, 636 F.2d 986 (5th Cir. Unit A Feb. 1981)).  Regardless of whether the plaintiff is proceeding *pro se* or represented by counsel, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."  *Southern Christian Laedership Conference*, 252 F.3d at 786 *(quoting Fernandez-Montes v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993)).  Finally, the focus in a 12(b)(6) motion in a §1983 claim should be "whether the complaint properly sets forth a claim of deprivation of rights, privileges, or immunities secured by the Constitution or laws of the Unites States caused by persons acting under color of state law." *Southern Christian*

*Leadership Conference v. Supreme Court of State of Louisiana*, 252 F.3d 781, 786 (5th Cir. 2001) (*quoting Fontana v. Barnham*, 707 F.2d 221, 225 (5th Cir. 1983)).

### B.  Prescription

Louisiana has a one-year limitation period in which to bring delictual actions.  La. Civ. Code art. 3492.  Louisiana law provides the pertinent limitations period for 42 U.S.C. § 1983 claims litigated in a federal court that sits in Louisiana.  *Piotrowski v. City of Houston*, 51 F.3d 512, 515 n.5 (5th Cir. 1995) (*citing Owens v. Okure*, 488 U.S. 235, 249-50 (1989)).  Thus, all claims in this litigation, whether brought pursuant to state tort law or federal civil rights law, are governed by a one-year limitations period.

Plaintiff alleges claims that accrued on November 16, 2003, January 24, 2004, and an unknown subsequent date.  Plaintiff's complaint was tendered to the Court for filing on November 13, 2004.  Accordingly, as the complaint was tendered for filing in a timely manner, Plaintiff's claims have not prescribed and the Court must consider the substance of his allegations.

### C.  Substantive Claims

#### City of Slidell

Defendants argue that Plaintiff's claims against the City of Slidell should be dismissed because Plaintiff has failed to allege any policies or customs of the City that resulted in the alleged constitutional violations.  As the claims are alleged by a *pro se* plaintiff, his pleadings are not to be judged as if written by an attorney.  Accordingly, the Court finds that Plaintiff's allegations that he was denied medical attention on two separate occasions are sufficient at this stage of the litigation to overcome Defendants' motion to dismiss.

<u>Slidell City Court</u>

Plaintiff states a false imprisonment and conversion claim against the Slidell City Court. Plaintiff states that on November 14, 2002 the Slidell City Court accepted his $100 payment and sentenced him to six months in city jail. Plaintiff alleges that the Slidell City Court overextended its powers and violated his constitutional rights when it ordered him to serve time. In its brief, the Defendants "challenge the Plaintiff to come forth with competent evidence to support any claim against the Slidell City Court or any of its judges." In his response, Plaintiff responds that the City Court had no judicial authority to send him to jail because his parole term had expired. Again, at this stage in the litigation and considering Plaintiff's *pro se* status, this is sufficient to defeat the Defendant's motion to dismiss.

The Court notes that Defendants' primarily relied upon a prescription defense. As Defendants were not aware that Plaintiff's complaint was timely tendered for filing,

**IT IS ORDERED** that **Defendants' Motion to Dismiss (Rec. Doc. 9)** is DENIED without prejudice.

\* \* \* \* \* \* \* \*

*[signature: Jay C. Zainey]*