FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 AUG 22   PM 5: 01

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FITZGERALD JOHNSON                 CIVIL ACTION

VERSUS                            NUMBER:  04-1851

CITY OF SLIDELL, ET AL.          Section:  "A"(5)

## REPORT AND RECOMMENDATION

Pursuant to an order of reference from the District Judge, presently before the undersigned is plaintiff's "Appeal to Trial Judge" which the Court construes as a motion for reconsideration of a February 25, 2005 order denying plaintiff the appointment of counsel.  (Rec docs. 18, 16, 11, 10).  For the reasons that follow, it is recommended that plaintiff's request for reconsideration be denied.

On November 14, 2003, pro se plaintiff, Fitzgerald Johnson, tendered to the Court for filing the above-captioned civil rights complaint against defendants, the City of Slidell, Officer Matt Fisher, Officer "John Doe," and the Slidell City Court.  (Rec. doc. 1).   In his complaint, plaintiff alleged that on November 14, 2002, he appeared in Slidell City Court to pay $100 on a previous

___ Fee_____
___ Process_____
_X_ Ckfd_____
_✓_ CtRmDep_____
___ Doc. No _____

DWI fine which the court accepted but nonetheless ordered him to serve six months in the Slidell City Jail ("SCJ"). Two days later, while he was housed at SCJ, plaintiff was involved in an altercation with Officer Fisher during which he was kicked between the lower back and buttocks and was thereafter denied immediate medical attention. Plaintiff then remained housed in the jail for an additional two days without being provided adequate cold weather clothing, resulting in him becoming ill, for which he was again denied medical treatment. On January 26, 2003, plaintiff broke a cap on one of his teeth due to the presence of a foreign object in his prison food which he reported to the jailor, to no avail. And finally, plaintiff alleged that on some unidentified date in some unspecified year, he asked for a cup of water from "John Doe" jailor and was provided with a cup of what later turned out to be peroxide, resulting in him being transported to the hospital for treatment. Plaintiff seeks compensatory and punitive damages as well as declaratory and injunctive relief. (Id).

After the defendants had been served and filed a motion to dismiss, plaintiff filed a motion requesting the appointment of counsel "...in the interest of justice and judicial economy due to my inability to employ one." (Rec. doc. 10). On February 25, 2005, the District Judge denied plaintiff's request, noting that the right to counsel is absolute only in criminal cases. (Rec. doc. 11). Plaintiff now moves for reconsideration of that ruling,

alleging that the Court failed to consider the factors justifying such an appointment as set forth in various cited cases. (Rec. doc. 16) For the reasons that follow, those cases are readily distinguishable and/or are not controlling authority and plaintiff is otherwise not entitled to appointed counsel here.

"'A trial court is not required to appoint counsel for an indigent plaintiff asserting an action under 42 U.S.C. §1983 unless the case presents exceptional circumstances.'" Calloway v. NFN Webb, 248 F. 3d 1143 (5th Cir. 2001)(quoting Branch v. Cole, 686 F. 2d 264, 265 (5th Cir. 1982). While a district court is vested with considerable discretion in deciding whether appointment of counsel is appropriate, the Fifth Circuit has set forth the following factors which must be considered: 1) the type and complexity of the case; 2) the plaintiff's ability to adequately present and investigate his case; 3) the presence of evidence which largely consists of conflicting testimony so as to require skill in the presentation of the evidence and in cross-examination; and, 4) the likelihood that appointment of counsel will benefit the plaintiff, the court, and the defendants by shortening the trial and assisting in a just determination. Id. at 1143 (citing Parker v. Carpenter, 978 F. 2d 190, 193 (5th Cir. 1992)). See also Ulmer v. Chancellor, 691 F. 2d 209, 213 (5th Cir. 1982).

In support of his request for reconsideration, plaintiff first directs the Court to Knighton v. Watkins, 616 F. 2d 795 (5th Cir.

3

1980). Although the panel in Knighton provided some general considerations in determining whether to appoint counsel, it did not affirmatively set forth the factors noted above that the Fifth Circuit has repeatedly emphasized be examined in cases such as Calloway, supra, Parker v. Carpenter, 978 F. 2d 190, 193 (5ᵗʰ Cir. 1992), and Ulmer, supra. The opinion in Knighton pre-dates those rendered in the aforementioned three cases which are much more specific and which the Court is bound to follow.

Plaintiff next cites the Court to Javeri v. McMickens, 660 F. Supp. 325 (S.D.N.Y. 1987). The plaintiffs in that case, unlike Johnson, were prisoners who did not have unfettered access to well-stocked law libraries that are open to the public like those maintained by the Fifth Circuit Court of Appeals and the Louisiana Supreme Court. Javeri was also a district court case which is not binding on this Court.

Next, plaintiff relies on Tabron v. Grace, 6 F. 3d 147 (3rd Cir. 1993). Just like Javeri, the plaintiff in Tabron was a prisoner, making that case distinguishable from Johnson's on that basis alone. Moreover, the Third Circuit in Tabron broke rank with courts like the Sixth, Eleventh, Ninth, and Fourth Circuits by rejecting the "exceptional circumstances" standard applicable in those Circuits and in the Fifth Circuit in favor of the more relaxed "special circumstances" criteria utilized by the Second and Seventh Circuits. Id. at 155-58. As an inferior tribunal of the

4

Fifth Circuit, this Court is duty-bound to follow its precedent established in cases such as Calloway, Parker, and Ulmer.

Finally, plaintiff's reliance on Gatson v. Coughlin, 679 F. Supp. 270 (W.D.N.Y. 1988) is equally misplaced as the plaintiff there was also a prisoner and the case was decided by a co-equal tribunal which was bound to follow Second Circuit precedent, authority which, as noted above, differs from that established by the Fifth Circuit.

Having distinguished the various cases cited by plaintiff, the Court now applies the Fifth Circuit's appointment-of-counsel standard to the matter at hand. In initially moving for such an appointment, plaintiff indicated that he had been unable to employ an attorney. Plaintiff has not, however, described in detail what effort, if any, he has made to secure private counsel, an inquiry the Fifth Circuit panel in Ulmer specifically sanctioned before enunciating its oft-cited factors. Ulmer, 691 F. 2d at 213. Turning to the other Calloway/Parker/Ulmer factors, the facts in plaintiff's civil rights complaint are not complex and because he is not incarcerated, that circumstance should not hamper his ability to investigate and present his case. The Court has no reason to believe that this case will involve the presentation of a large amount of conflicting testimony requiring skillful trial practice and there is little likelihood that the appointment of counsel would insure a more speedy determination of this case. The

5

Court also notes that Johnson has previously litigated other lawsuits in this forum in a pro se capacity. See Johnson v. Evans, 02-CV-2884 "M"(4); Johnson v. FEMA, 00-CV-2806 "N"(5).[1]/  For all these reasons it will be recommended that plaintiff's motion for reconsideration be denied.

### RECOMMENDATION

For the foregoing reasons, it is recommended that plaintiff's motion for reconsideration be denied.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to objection. Douglass v. United States Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc.)

New Orleans, Louisiana, this ____ day of _____, 2005.

---

[1]/  In one of his previous pro se lawsuits, plaintiff was initially appointed counsel based on his false representations to the Court that he had consulted three attorneys who had originally agreed to take his case but then decided not to do so after talking with the defendant in that case. See Johnson v. LinksCorp LA One, Inc., 00-CV-2760 "M"(4)(rec. doc. 60).

6

New Orleans, Louisiana, this _19_ day of _August_ , 2005.

_____
UNITED STATES MAGISTRATE JUDGE