UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FITZGERALD JOHNSON                                                      CIVIL ACTION

VERSUS                                                                  NO. 04-1851

CITY OF SLIDELL, ET AL.                                                 SECTION "A" (5)

### ORDER AND REASONS

Before this Court are two **Motions to Strike (Rec. Docs. 27 and 70)**, an **Opposition to Motion to Strike with Sanctions (Rec. Doc. 35)**, and a **Motion to Reconsider** striking all defenses not raised in Defendants' motion to dismiss **(Rec. Doc. 60),** filed by Plaintiff, Fitzgerald Johnson, *pro se*. Defendant, the City of Slidell, opposes the motions and the "opposition to motion to strike with sanctions." For the reasons set forth below, the motions and the "opposition to motion to strike with sanctions" are **DENIED**.

Plaintiff argues that Defendants filed a responsive pleading under Rule 12(b)(6) of the Federal Rules of Civil Procedure which addressed the merits of the complaint and subsequently filed a second responsive pleading (answer) in which they included defenses not raised in their 12(b)(6) motion. Plaintiff further argues that leave was not sought to add these defenses. Plaintiff thus contends that these defenses should be stricken.

Plaintiff also specifically asks the Court to strike Defendants' 15th defense– that

1

Plaintiff's claims are frivolous, groundless or unreasonable, and as such, they are entitled to an award against the plaintiff for all attorneys fees and costs expended in this matter pursuant to 42 U.S.C. § 1988.  Plaintiff requests that this defense be stricken as baseless in fact and law in light of the Court's denial of Defendants' motion to dismiss.  Plaintiff also requests sanctions against counsel for Defendants.

Defendants argue that all affirmative defenses set forth in the Answer to Plaintiff's Original and Amended Petition were set forth properly and timely according to law.  Further, Defendants contend that Plaintiff has repeatedly and purposefully thwarted attempts by the Defendants to move the case forward by both refusing to accept certified mail, and by refusing to allow his own deposition.  Defendants thus reiterate their request that the Court grant the Defendants costs and fees and request that the Court sanction the Plaintiff for filing frivolous pleadings.

In *Parker v. United States*, 110 F.3d 678, (9th Cir. 3/31/97), the Ninth Circuit addressed an argument similar to the one made by Plaintiff in this case.  In that case, appellants argued that under Federal Rules of Civil Procedure 8(c) and 12(g), the Government waived its right to seek equitable recoupment by failing to assert the defense in its motion to dismiss.  Rule 8(c) states that "[i]n pleading to a preceding pleading, a party shall set forth . . . any other matter constituting . . . an affirmative defense." *Id.* at 682.  Appellants argued that the Government's Rule 12 motion was a responsive pleading, and by bringing the motion, the Government waived all defenses not raised therein. *Id.*

The court found that appellants misconstrued the Rules. *Id.*  It explained: "[e]xcept in

limited circumstances, a motion is not regarded as a pleading." *Id.* (citing 5 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure*, §1190 (1990). The court noted that the Rule 12 motion was filed prior to filing an answer, and therefore before any responsive pleading had been made. *Id.* The court found that the Government's defense had not been waived. *Id.*

The Fifth Circuit's approach may differ in that it may consider a motion to dismiss a "pleading" for purposes of Rule 8(c). *See United States v. Burzynski Cancer Research Center*, 819 F.2d 1301, 1307 (5th Cir. 6/25/87). However, even if the Court is to consider Defendants' motion to dismiss a "pleading," the Court still finds that Defendants have not waived the defenses asserted in their answer. The Fifth Circuit has held that where a matter constituting an affirmative defense "is raised in the trial court in a manner that does not result in unfair surprise, . . ., technical failure to comply precisely with Rule 8(c) is not fatal. *Allied Chemical v. Mackay*, 695 F.2d 854, 855-56 (5th Cir. 1983). The court found that although not plead, the defense at issue was included in the trial court's pretrial order. *Id.* at 856. It found that the defense was at a pragmatically sufficient time, and Plaintiff was not prejudiced in its ability to respond. *Id.* "Construing the rules to do substantial justice, [it held] that the usury defense was not waived."

The same result applies here. Defendants did not waive any of the defenses asserted in their answer by not asserting them in their motion to dismiss. Even if the motion to dismiss is a "pleading" for purposes of Rule 8(c), the Court finds that the defenses asserted in the answer were plead at a "pragmatically sufficient time," and Plaintiff was not prejudiced in his ability to respond.

The Court notes that there are some defenses that must be included in a Rule 12 motion, on penalty of waiver– lack of jurisdiction over the person, improper venue, and insufficiency of

service of process.  See *Chute v. Walker*, 281 F.3d 314 (1st Cir. 2/27/2002) (quoting 5A C.A. Wright & A.R. Miller, Federal Practice and Procedure § 1391, at 744).  Defendants did not raise these defenses in their answer, so the Court need not address whether such defenses were waived by not asserting them in the motion to dismiss.

Further, Plaintiff's specific request to strike Defendants' 15th defense is denied.  The Court considers this to be a request under Rule 12(f), which provides that "[u]pon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense, or any redundant, immaterial, impertinent, or scandalous matter."  Fed. Rules Civ. Proc. 12(f).  The Court notes that Plaintiff's first Motion to Strike Defendants' 15th defense is dated December 15, 2005.  He submitted this motion well over 20 days after his receipt of the Defendants' answer.  The Court is not making any rulings as to the sufficiency or merits of this defense at this stage.  It is merely declining to strike it.

Finally, Plaintiff's and Defendants' requests for sanctions are denied.

**ACCORDINGLY**,

**IT IS ORDERED** that Plaintiff's **Motions to Strike (Rec. Docs. 27 and 70)**, **Opposition to Motion to Strike with Sanctions (Rec. Doc. 35)**, and **Motion to Reconsider** striking all defenses not raised in Defendants' Motion to Dismiss **(Rec. Doc. 60)** are **DENIED**.  Further, Plaintiff's and Defendants' requests for sanctions are **DENIED**.

New Orleans, Louisiana, this 26th day of June, 2006.

_____
Judge Jay C. Zainey
United States District Court

4