UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FITZGERALD JOHNSON                                                     CIVIL ACTION

VERSUS                                                                         NO. 04-1851

CITY OF SLIDELL, ET AL.                                                SECTION "A" (5)

### ORDER AND REASONS

Before this Court is a "**Motion of Summary Judgment" (Rec. Doc. 69)** filed by Plaintiff, Fitzgerald Johnson, *pro se.* Defendants oppose the motion. The motion, set with a hearing date of May 31, 2006, is before the Court on the briefs without oral argument. For the reasons set forth below, Plaintiff's "Motion of Summary Judgment" is **DENIED**.

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact." *TIG Ins. Co. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir. 2002) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986)). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* (citing *Anderson*, 477 U.S. at 248). The court must draw all justifiable inferences in favor of the non-moving party. *Id.* (citing *Anderson*, 477 U.S. at 255). Once the moving party has initially

1

shown "that there is an absence of evidence to support the non-moving party's cause," *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986), the non-movant must come forward with "specific facts" showing a genuine factual issue for trial.  *Id.* (citing FED.R.CIV.P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986)).  Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial.  *Id.* (citing *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993)).

This Court previously denied Plaintiff's Partial Motion for Summary Judgment (Rec. Doc. 36) because the motion consisted of conclusory allegations, and Plaintiff had not demonstrated that there is an absence of genuine issues of material fact.  The same is true for Plaintiff's "Motion of Summary Judgment" now before the Court.  Plaintiff has not sustained his initial burden, as his conclusory allegations are insufficient.  *See, e.g., First Commonwealth Corporation v. Hibernia National Bank of New Orleans*, 860 F. Supp. 1145, 1149 (E.D. La. 7/26/94) (finding that the movants' mere allegations, without more, were insufficient to discharge the burden placed upon it by the federal rules); *Sheets v. Dziabis*, 738 F. Supp. 307, 309 (N.D. Ind. 1/2/90) (noting that for purposes of summary judgment, the parties cannot rest on mere allegations in the pleadings or upon conclusory allegations in affidavits); *Pitman v. Aran*, 935 F. Supp. 637, 646 (D. Md. 7/23/96) (finding that movants' bald assertions and conclusory statements were not sufficient to satisfy the requirements of Rule 56).

ACCORDINGLY,

**IT IS ORDERED** that Plaintiff's **"Motion of Summary Judgment"** (**Rec. Doc. 69**) is **DENIED**.

New Orleans, Louisiana, this 28th day of June, 2006.

_____
Judge Jay C. Zainey
United States District Court